**UNITED STATES of America,**
**Appellant,**

v.

**S.S. (JOE) BURFORD, INC., Appellee.**

No. 84–1838.

United States Court of Appeals,
Fourth Circuit.

Argued March 7, 1985.

Decided May 6, 1985.

F. Henry Habicht II, Washington, D.C.; William A. Kolibash, Wheeling, W.Va.; Janet G. Carrico; Robert L. Klarquist, J. Carol Williams and Barbara I. Berschler, Washington, D.C., for appellant.

Milford L. Gibson and Joseph A. Wallace, Elkins, W.Va., for appellee.

Before SPROUSE and WILKINSON, Circuit Judges, and NORTHROP, Senior United States District Judge for the District of Maryland, sitting by designation.

PER CURIAM:

This is a collection action by the appellant, United States of America (the "government"), to recover from the appellee, S.S. (Joe) Burford, Inc. ("Burford"), a West Virginia mining corporation, delinquent reclamation fees and prejudgment interest on those fees pursuant to section 402 of the Surface Mining Control and Reclamation Act of 1977 (the "Act"), 30 U.S.C. § 1201 *et seq.* [1] The district court granted summary judgment in favor of the government for reclamation fees but refused to award the prejudgment interest imposed by the applicable regulation. The government appeals, arguing that the refusal to award prejudgment interest constitutes reversible error under the facts of this case. We agree and remand to the district court.

I.

The Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201 *et seq.*, was enacted by the 95th Congress and signed into law on August 3, 1977. The purpose of the Act is to "establish a nationwide program to protect society and the environment from the adverse effects of surface coal mining operations." *Id.* at § 1202(a). In furtherance of this objective, the Act establishes an Abandoned Mine Reclamation Fund administered by the Secretary of the Interior and funded by reclamation fees imposed on coal mining operators. 30 U.S.C. § 1231. Monies accumulated in the fund are earmarked for several projects, including the "reclamation and restoration of land and water resources adversely affected by past coal mining ..." *Id.* at § 1231(c)(1). The reclamation fees are calculated on a per-ton of coal produced basis,

---

1. Jurisdiction below rested on 30 U.S.C. § 1232(e) and 28 U.S.C. § 1345. In this Court jurisdiction rests on 28 U.S.C. § 1291.

30 U.S.C. § 1232(a), and these fees "shall be paid no later than thirty days after the end of each calendar quarter ..." *Id.* at § 1232(b).

The Secretary of the Interior has been given broad authority to promulgate rules and regulations required to implement and administer the provisions of the Act. 30 U.S.C. § 1242(a). One of these regulations, at issue here, is 30 C.F.R. § 870.15(d). That regulation provides:

> The reclamation fee payment for each calendar quarter shall be paid no later than 30 calendar days after the end of the calendar quarter. Delinquent payments are subject to interest at the rate of 1 percent per month, or any part thereof, on any amount due ... [I]nterest shall begin in [sic] accrue on the 31st day following the end of the calendar quarter and will run until the date of payment, or until judgment is rendered by a court of competent jurisdiction in an action to compel payment of debts.

The purpose of the regulation is to provide "a financial inducement for operators to comply with the statutory requirement to make timely payments of reclamation fees." 43 Fed.Reg. 7305 (Feb. 21, 1978). The procedure for fee collection has been amended numerous times, but the requirement of interest on late payments has always been included. This regulation, in its various forms, has never been challenged in the courts.

## II

Burford is a West Virginia corporation which conducts surface coal mining operations in Randolph County, West Virginia. In 1982, the government filed a collection action against Burford, alleging a failure to pay the appropriate reclamation fees required by 30 U.S.C. § 1232(b). The government's complaint requested the reclamation fees plus prejudgment interest at the rate prescribed in 30 C.F.R. § 870.15(d). At the time the suit was instituted, the accumulat-

ed interest amounted to approximately one-half the fees due.

In 1984, the government moved for, and the district court granted, summary judgment on the uncontested grounds that Burford was a coal operator during the specified calendar quarters, that it produced and sold coal, and that the reclamation fees due had not been paid. The district court's judgment did not, however, award the government the prejudgment interest due pursuant to 30 C.F.R. § 870.15(d). Instead, recovery was limited to reclamation fees and "post judgment statutory interest calculated as is provided for in 28 U.S.C. § 1961 ..." [2] The government immediately filed a motion to amend the judgment to include the prejudgment interest. Two days later, the district court denied the motion and held:

> 30 U.S.C. § 1232(e) provides that "Any portion of the reclamation fee not properly or promptly paid pursuant to this section shall be recoverable, with *statutory* interest, from coal mine operators, in any court of competent jurisdiction [sic] any action at law to compel payment of debts." (Emphasis added by court). 28 U.S.C. § 1961 makes no provision for prejudgment interest.

This appeal followed.

## III.

We note at the outset that the validity of regulation 30 C.F.R. § 870.15(d) has not been challenged by Burford either in the court below or in this Court. This concession makes it unnecessary to decide the government's jurisdictional argument. *Compare Commonwealth of Virginia v. Watt,* 741 F.2d 37 (4th Cir.), *cert. granted,* — U.S. —, 105 S.Ct. 379, 83 L.Ed.2d 315 (1984), *cert. dismissed,* — U.S. —, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985), *with Holmes Limestone Co. v. Andrus,* 655 F.2d 732 (6th Cir.1981), *cert. denied,* 456 U.S. 995, 102 S.Ct. 2280, 72 L.Ed.2d 1292 (1982). We therefore take a different approach in deciding this case. In our view, the district court misconstrued the refer-

---

**2.** 28 U.S.C. § 1961 reads in relevant part:
Interest shall be allowed on any money judgment in a civil case recovered in a district court ... Such interest shall be calculated from the date of entry of judgment, at a rate equal to the coupon issue yield equivalent ...

ence to "statutory interest" in 30 U.S.C. § 1232(e) by limiting the government to the post judgment interest available under 28 U.S.C. § 1961. The lower court's construction ignores the broad authority given to the Secretary of the Interior to promulgate regulations to implement the collection provisions of the Act. Moreover, refusal to award prejudgment interest on delinquent reclamation fees jeopardizes the Congressional program to revitalize abandoned mine land by restricting the Secretary's ability to assure timely collection of reclamation fees. The regulation in question, 30 C.F.R. § 870.15(d), was duly promulgated and has the force of law. It has not been contested. We think it was error not to enforce its provisions.

Accordingly, for the foregoing reasons we reverse the decision of the district court and we remand this matter with instructions to award the government the appropriate interest, including prejudgment interest pursuant to 30 C.F.R. § 870.15(d). REVERSED and REMANDED.